IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **CLARICE MAXINE RANKIN** and | : | |
| **THOMAS RANKIN,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 3:12-CV-85 (CAR) |
| | : | |
| **BELK, INC.,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This action arises from Plaintiff Clarice Maxine Rankin's trip and fall in Defendant Belk, Inc.'s department store on April 8, 2011, in Athens, Georgia.[1] Ms. Rankin seeks damages for injuries she sustained after tripping over the wheeled base of a clothing rack, which was obscured by hanging merchandise. Her husband, Plaintiff Thomas Rankin, asserts a related loss of consortium claim. Presently before the Court is Belk's Motion for Summary Judgment [Doc. 18]. Having carefully considered the parties' arguments, the record, and applicable law, Belk's Motion is **GRANTED**.[2]

### LEGAL STANDARD

Summary judgment is proper if the movant "shows that there is no genuine issue

---

[1] The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Georgia law governs the resolution of Plaintiffs' claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[2] The Court has reviewed the parties' motions and briefs and determined that oral argument would not aid in resolution of Defendant's Motion for Summary Judgment. Belk's Request for Oral Argument [Doc. 18-3] is therefore **DENIED**.

as to any material fact and the movant is entitled to a judgment as a matter of law."[3]  Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment.[4]  This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[5]

On summary judgment, the Court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party; the Court may not make credibility determinations or weigh the evidence.[6]  The moving party "always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[7]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence creates a genuine issue of material fact or that the moving

---

[3] Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).
[5] *See id.* at 249-52.
[6] *See id.* at 254-55; *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).
[7] *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

2

party is not entitled to a judgment as a matter of law.[8] This evidence must consist of more than mere conclusory allegations or legal conclusions.[9]

## FACTUAL BACKGROUND

For purposes of this Motion, the material facts in the light most favorable to Ms. Rankin, the non-movant, are as follows:

Ms. Rankin entered the Belk store on April 8, 2011, to buy Easter clothes for her grandchildren.[10] Upon entering the store, Ms. Rankin went directly to the children's department and browsed for approximately five minutes before she found an Easter dress for her granddaughter.[11] Ms. Rankin took the dress off the upper row of a double-rowed clothing rack with merchandise hanging from both the upper and lower rows.[12] The base of the double-rowed rack extended the same length as the bars from which the clothing was displayed.[13]

As Ms. Rankin turned to her right to purchase the Easter dress, her left foot struck something that caused her to fall and fracture her right hip.[14] As she was lying on the ground, Ms. Rankin saw a wheel on the base of the double-rowed clothing rack.[15] Ms. Rankin had not noticed the wheel until that point because "it was covered up" with

---

[8] *See* Fed. R. Civ. P. 56(e); *see also Celotex,* 477 U.S. at 324-26.
[9] *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).
[10] Rankin Dep., pp. 13-14 [Doc. 20].
[11] *Id.* at 14-16, 40.
[12] *Id.* at 15, 30-31, 47-50.
[13] *Id.* at 52.
[14] *Id.* at 30-31, 38, 65.
[15] *Id.* at 30, 36.

clothing hanging from a lower rack.[16]  In fact, the wheel was "tucked up in the clothes."[17]

Ms. Rankin shopped in the Belk store multiple times before her trip and fall, and she personally worked in a department store for four years.[18]  She understands that retail stores often display merchandise on racks "of some sort."[19]  Ms. Rankin is also aware that clothing racks have bases, and she is "sure" she has seen racks with wheeled bases before her fall.[20]  However, Ms. Rankin contends she has never seen a double-rowed rack with merchandise hanging on upper and lower rows.[21]

## DISCUSSION

Ms. Rankin asserts a premises liability claim against Belk.  Under Georgia law, landowners and occupiers owe a duty to their invitees to exercise reasonable care to keep their premises safe.[22]  To establish a premises liability claim, a plaintiff-invitee must prove (1) that the defendant-proprietor had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite her exercise of ordinary care due to the actions or conditions within the control of the defendant.[23]  Consequently, a defendant is entitled to summary judgment when the record clearly demonstrates that the plaintiff had knowledge of the hazard that was equal or superior to that of the defendant

---

[16] *Id.* at 36, 50.
[17] *Id.* at 39.
[18] *Id.* at 12, 16.
[19] *Id.* at 19.
[20] *Id.* at 19, 20-21, 41.
[21] *Id.* at 21.
[22] O.C.G.A. § 51-3-1; *see also Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1997).
[23] *Robinson*, 268 Ga. at 748.

4

or that the plaintiff would have had equal or superior knowledge had the plaintiff used ordinary care for her personal safety.[24]  Belk moves for summary judgment on both grounds, arguing (1) the clothing rack at issue was an open and obvious static condition of which Ms. Rankin had equal or superior knowledge; and (2) Ms. Rankin could have avoided tripping over the wheeled base of the clothing rack through the exercise of ordinary care.  The Court agrees.

The Court's analysis is guided by *Pope v. Target Stores, Inc.*,[25] a persuasive Eleventh Circuit case.  In *Pope*, the plaintiff tripped over the base of a clothing rack, which was obscured by clothing that was hanging on the rack.[26]  On appeal, the plaintiff claimed the district court erred in concluding that "(1) the clothing rack was an open and obvious static condition and (2) [the plaintiff] could have avoided tripping over the base of the rack through the exercise of ordinary care."[27]  The plaintiff asserted that the district court "essentially held that ordinary care involves getting down and looking underneath the clothes hanging on [a] rack to discovery any hidden dangers."[28]  Considering the plaintiff's general knowledge of clothing racks and her previous retail experience, the Eleventh Circuit concluded that the plaintiff had "equal knowledge of the danger posed by the

---

[24] *See Gresham v. Bell's Food Market, Inc.*, 244 Ga. App. 240, 240 (2000); *Hindmon v. Virgil's Food Mart, Inc.*, 252 Ga. App. 732, 733 (2001).
[25] 226 F. App'x 878, 879 (11th Cir. 2007).
[26] *Pope v. Target Stores, Inc.*, No. 2:05-CV-81-WCO, 2006 WL 734603, at *3 (N.D. Ga. Mar. 7, 2006).
[27] *Pope*, 226 F. App'x at 879.
[28] *Id.*

clothing rack's base."[29] The Eleventh Circuit also affirmed the district court's conclusion that the plaintiff could have avoided tripping over the base of the rack through the exercise of ordinary care.[30]

Ms. Rankin attempts to distinguish this case by asserting that *Pope* could have involved a different type of clothing rack than the one at issue here. This is a distinction without difference. In both cases, plaintiffs tripped on the base of a clothing rack and blamed the resulting fall on the fact that clothing obscured their view of the base. Just like the clothing rack in *Pope*, the rack in the instant case was an open and obvious static condition. In addition, like the *Pope* plaintiff, Ms. Rankin admits that she is generally aware of the fact that retail stores display merchandise on racks and had seen other racks with wheeled bases prior to the day of her fall.[31] Ms. Rankin has visited the Belk store multiple times and worked in a department store for four years.[32] Based on these circumstances, the Court finds Ms. Rankin had equal knowledge of the hazard created by the base of this particular clothing rack.[33]

Finally, Ms. Rankin claims she was excused from exercising ordinary care pursuant to Georgia's "distraction doctrine," which provides that "one is not bound to the same

---

[29] *Id.*
[30] *Id.*
[31] Rankin Dep., pp. 19, 20-21.
[32] *Id.* at pp. 12, 16.
[33] *See also Smith v. Wal-Mart Stores East, L.P.*, No. 5:07-CV-46 (CAR), 2007 WL 2275309, *4 (M.D. Ga. Aug. 7, 2007) (holding that the plaintiff had "actual knowledge of the [stock cart] which caused her to fall prior to encountering it," although she may not have appreciated its dimensions).

degree of care in discovering or apprehending danger in moments of stress or excitement or when the attention has been necessarily diverted[.]"[34] The sole distraction in this case, looking at merchandise on a clothing rack, does not qualify under the distraction doctrine because that was the very activity that brought Ms. Rankin to the Belk department store.[35] "If the distraction has as its source the invitee, the invitee can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence."[36] Like the *Pope* plaintiff, Ms. Rankin could have avoided tripping over the base of the clothing rack through the exercise of ordinary care.[37] Accordingly, Belk is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. 18] is hereby **GRANTED**.

**SO ORDERED**, this 21st day of March, 2014.

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT

BBP/ssh

---

[34] *Robinson*, 268 Ga. at 744.
[35] *Bartlett v. McDonough Bedding Co., Inc.*, 313 Ga. App. 657, 660 (2012).
[36] *Robinson*, 268 Ga. at 744 (internal quotation omitted).
[37] *See Pope*, 226 F. App'x at 879.